IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYMOND WINCHESTER, | § | |
| | § | |
| Defendant Below- | § | No. 251, 2018 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID N1705013238 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 30, 2018
Decided: September 4, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the Notice to Show Cause, the responses and the State's reply, it appears to the Court that:

(1)     On May 10, 2018, the Court received appellant Raymond Winchester's notice of appeal from a Superior Court order dated February 2, 2018, sentencing him on a charge of second degree assault following the entry of his guilty plea.  Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before March 5, 2018.

(2)     The Senior Court Clerk issued a notice directing Winchester to show cause why the appeal should not be dismissed as untimely.  Winchester filed a response to the notice to show cause on May 18, 2018.  He asserts that his appeal

should not be dismissed because his trial counsel knew that he wanted to appeal but failed to file the notice of appeal on his behalf.

(3)     The Court directed Winchester's trial counsel to file a response. Counsel indicates that his standard practice when a client accepts a guilty plea is to inform the client that they have 30 days from the date of sentencing in which to file an appeal.  While counsel believes he did not deviate from his standard practice, there is no letter in Winchester's client file reflecting counsel's advice.  Counsel states that he does not recall Winchester ever requesting that an appeal be filed and that Winchester has not contacted his office since being sentenced.  The State filed an answer asserting that the appeal must be dismissed because it was not filed within 30 days and because Winchester's untimely filing is not attributable to court personnel.

(4)     The State's position is correct.  Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Clerk of this Court within the applicable time period in order to be effective.[2]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[3]

---

[1]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2]Del. Supr. Ct. R. 10(a).
[3]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

(5)	Defense counsel is not court-related personnel.[4]  Consequently, even assuming that Winchester informed defense counsel of his wish to appeal following the entry of his guilty plea (which defense counsel disputes), this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  To the extent Winchester asserts ineffective assistance of counsel, such a claim must be pursued through a motion for postconviction relief under Superior Court Criminal Rule 61.[5]  Thus, the Court concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4]*Chrichlow v. State*, 2009 WL 2027250 (Del. July 14, 2009).
[5]*Id.*

3